IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN SANDERS,
#42084-074,

        Petitioner,

v.

B. TRUE,

        Respondent.

Case No. 19-cv-1208-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Shawn Sanders, a Federal Bureau of Prisons inmate incarcerated at United States Penitentiary Marion, brings this habeas action pursuant to 28 U.S.C. § 2241.[1] He challenges his designation and sentence as a career offender in *United States v. Sanders*, 08-cr-056 (E.D. Tenn.) ("Criminal Case"). Sanders argues that his prior Tennessee drug convictions no longer qualify as predicates for purposes of the career offender enhancement under U.S.S.G. § 4B1.1 after *Mathis v. United States*, 136 S.Ct. 2243 (2016).

This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

### BACKGROUND

---

[1] Petitioner's first name is spelled "Shawn" on the Petition, but his name was spelled "Shaun" in the district of conviction.

Sanders pleaded guilty to one count of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). In December 2008, he was sentenced to 169 months' imprisonment. (Criminal Case, Docs. 229, 338). He was treated as a career offender under U.S.S.G. § 4B1.1 ("Sentencing Guidelines") based on his three prior Tennessee convictions for felony drug offenses: a conviction for possession of cocaine with intent to sell and two convictions for felony possession of cocaine. *United States v. Sanders*, 406 F. App'x 995, 996 (6th Cir. 2011) (direct appeal). In June 2017, Sanders filed a motion under 28 U.S.C. § 2255 raising *Mathis*. He later moved to voluntarily withdraw that motion. *Sanders v. United States*, Case No. 17-cv-187 (E.D. Tenn.).

## ANALYSIS

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner can challenge his federal conviction or sentence under Section 2241 only in very limited circumstances. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." In order to fit within the savings clause, a petitioner must meet the three requirements first set out in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).

The third *Davenport* requirement is that Petitioner must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). Sanders cannot meet that requirement because the Sentencing Guidelines were only

advisory at the time of his sentencing. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines does not demonstrate a miscarriage of justice. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing,* 724 F.3d 915 (7th Cir. 2013). *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014).

The Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005*). Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). Sanders was sentenced in 2008, long after *Booker*. Further, his 169-month sentence was within the statutory maximum of 20 years. *Sanders*, 406 F. App'x at 997.

## DISPOSITION

For the reasons set forth above, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Sanders wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues Sanders plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Sanders will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Sanders to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d

626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** March 13, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**